CONCURRING AND DISSENTING OPINION BY
SHOGAN, J.:
I am of the opinion that Tincher v. Omega Flex, Inc., 104 A.3d 328, 336 (Pa. 2014), a design defect case, did not preclude the trial court from granting summary judgment in this “wet concrete” case. Indeed, our Supreme Court explicitly limited its decision “to the context of a ‘design defect’ claim.” Id. at 384 n.21. However, I agree with the learned Majority that at *352 least Jeffrey High arguably raises a strict liability claim “under the theory that the concrete delivered was defective as Pennsy Supply failed to adequately warn [the High brothers] of the inherent danger of concrete to cause severe burns.”[1] Majority Opinion at 351. Thus, if the underlying claim is construed as a failure to warn, I agree that summary judgment should not have been granted under the current state of the law. See Phillips v. A-Best Products Co., 665 A.2d 1167, 1171 (Pa. 1995) (recognizing that a deficient warning to the user regarding the dangers inherent in the product can make a product defective).

. A plaintiff is permitted to proceed under more than one defect theory. Barton v. Lowe’s Home Centers, Inc., 124 A.3d 349, 355 (Pa. Super. 2015).